IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**DORIS SMITH,**

    **Plaintiff,**

v.                                                                            CASE NO. 5:12-cv-239-RS-EMT

**VARIETY WHOLESALERS, INC., d/b/a
SUPER DOLLAR STORE, and DEBBIE
GIBBS,**

    **Defendants.**
_____/

## ORDER

Before me are Plaintiff's Motion to Remand (Doc. 5) and Defendant's Response (Doc. 6). On June 28, 2012, Plaintiff filed a complaint in the Circuit Court of Holmes County, Florida, alleging that because of display items which Defendant Gibbs placed on the sidewalk while manager of Super Dollar Store, Plaintiff tripped, fell, and was injured. It is undisputed that Plaintiff and Defendant Gibbs are Florida residents. On July 26, 2012, Defendants filed a notice of removal arguing that removal is proper because of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a).

Complete diversity of citizenship is required for establishing diversity under 28 U.S.C. § 1332(a)—meaning that all plaintiffs must be diverse from all defendants. *See Underwriters at Lloyds, London v. Osting-Schwinn*, 613 F.3d

1079, 1085 (11th Cir. 2010).  Defendant Variety alleges that "Co-Defendant/employee, Debbie Gibbs, has been fraudulently joined in the instant action for the sole purpose of defeating diversity jurisdiction" and that "Plaintiff has no intention to pursue a claim for damages against Co-Defendant, Debbie Gibbs."  (Doc. 6).  However, " '[a] defendant alleging fraudulent joinder has the burden of proving the alleged fraud.'  The burden is a heavy one."  *Thomas v. Big Lots Stores, Inc.*, 2011 WL 3035269, at *2 (M.D. Fla. July 25, 2011)(internal citations omitted).

> The Court must "evaluate factual allegations in the light most favorable to the plaintiff and resolve uncertainties about the applicable law in the plaintiff's favor."  The fact that the plaintiff may not ultimately prevail against the resident defendant does not mean that the resident defendant has been fraudulently joined; only a colorable claim against the resident defendant is needed.

*Id.* (internal citations omitted).

In this case, Defendant Variety has not offered any factual support to sustain its conclusory allegations that Defendant Gibbs was fraudulently joined to defeat diversity jurisdiction.  As quoted above, "the burden is a heavy one" and Defendant Variety has failed to meet it.  Therefore, the case is **REMANDED** to the Circuit Court of Holmes County, Florida.

**ORDERED** on August 22, 2012.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**